IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-10-546 |
| | * | |
| DALLAS WILLIAMS | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Now pending are Dallas Williams's pro se motions for sentence reduction under the First Step Act (ECF 80), compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 85), and to serve the rest of his sentence on home confinement (ECF 87).[1] All three motions will be denied.

Williams's First Step Act motion appears to be brought under Section 404 of the First Step Act. (*See* ECF 80 (referencing "motion 404")). Pursuant to Section 404, a sentencing court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b), Pub. L. No. 115-291, 132 Stat. 5194, 5222 (2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id*. § 404(a), 132 Stat. at 5222 (citation omitted). Sections 2 and 3 of the Fair Sentencing Act pertain to penalties for certain drug crimes. *See* Pub. L. No. 111-220, 124 Stat. 2372. Williams is currently serving a sentence for possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (ECF 59 (Judgment)). This is not a covered offense. Accordingly, the motion will be denied.

Next, Williams requests compassionate release so he may reunite with his family during the COVID-19 pandemic. (ECF 85). Williams, however, does not allege that he has any underlying

---

[1] Williams has also filed two supplements. (ECF 89, 92).

1

health conditions that make him particularly susceptible to serious illness related to COVID-19. The court thus finds that Williams presents no health-based "extraordinary and compelling reasons" for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Nor do Williams's arguments regarding perceived deficiencies in his sentence provide an extraordinary and compelling reason for a sentence reduction. Indeed, the court has already considered and rejected Williams's argument that he should have been sentenced below the mandatory minimum. (*See* ECF 78, 79 (Memorandum and Order denying motion to vacate)). Moreover, there is no indication that Williams has exhausted his administrative remedies.[2] The motion for compassionate release will be denied without prejudice.[3]

Williams also asks to serve the rest of his sentence on home confinement pursuant to 34 U.S.C. § 60541(g). (ECF 87). The court is without authority to grant the requested relief, as "[t]he discretion to release a prisoner to home confinement lies solely with the Attorney General." *See United States v. Byers*, No. 118CR00036MRWCM1, 2020 WL 3513703, at *2 (W.D.N.C. June 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)).

For the reasons explained above, Williams's First Step Act motion (ECF 80) is DENIED; the motion for compassionate release (ECF 85) is DENIED WITHOUT PREJUDICE; and Williams's request to serve rest of his sentence on home confinement (ECF 87) is DENIED.

So Ordered this __14th__ day of July, 2020.

                                                      _/S/_
                                        Catherine C. Blake
                                        United States District Judge

---

[2] The court may consider a defendant's compassionate release motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

[3] As Williams has not presented an extraordinary and compelling reason for release, the court need not consider his arguments related to the § 3553(a) factors. (ECF 92).